## STACEY, TRUSTEE, AND S. G. AND W. J. SARRATT, ADMRS., IN RE deLOACH v. SARRATT.

1. APPEAL.—Motion to dismiss an appeal must be noticed four days before hearing. (Divided Court.)
2. COSTS—SUPPLEMENTARY PROCEEDINGS.—The witnesses' and referee's fees in proceedings supplementary to execution caused by failure of administrator to perform his legal duty, should be paid by administrator personally; but if cannot be made out of him, then out of fund in Court.
3. INTESTATE ESTATE—IBID.—Funds of intestate's estate coming into Court under supplementary proceedings, should be disbursed under sec. 2048 of Revised Statutes providing for distribution of intestate estates.
4. AN ADMINISTRATOR is not entitled to commissions on check due his decedent, which he has not actually collected, but indorsed and turned over to a third party to hold as trustee for him individually.

Before GAGE, J., Cherokee, September, 1899.   Modified.

Supplementary proceedings by plaintiff, in James E. deLoach and Elizabeth deLoach against A. A. Sarratt, against F. G. Stacey, trustee, and S. G. and W. J. Sarratt, as administrators of A. A. Sarratt. The Circuit decree herein is as follows:

On 7th August, 1899, I made an order designating Arthur L. Gaston, Esq., to examine one F. G. Stacey, of Gaffney, concerning certain property belonging to the estate of A. A.

Sarratt, deceased, and alleged to be in his possession.   The order was made pursuant to section 314 of the Code of Civil Procedure.   The examination was had and a report made to me.   On the coming in thereof, the plaintiffs applied for an *ex parte* order, directing the payment of the funds in Stacey's hands over to them on their judgment.   I did not make the order then, but gave notice to the attorneys of S. G. & W. J. Sarratt, administrators of defendant, and to the attorney of Stacey, that I would hear the plaintiffs' motion at Chester on 25th August, 1899.   On that day the motion was heard, and it was resisted by the attorneys for Stacey and the Sarratts.   Pending the hearing of that motion and before the attorneys resisting the same had notice of it, they gave notice that they would move before me at Spartanburg on 5th September to set aside the order of 7th August and the proceedings had before Arthur L. Gaston thereunder. The grounds of that motion were argued on 25th August, and have been considered.   The order of 7th August was directed to be served on the parties in interest, and it was served on S. G. Sarratt and W. J. Sarratt, administrators, and on F. G. Stacey; and they all appeared before the re- feree and before us by counsel.   The facts are fully stated in the report of A. L. Gaston, Esq., referee, and I shall not re- peat them here; but only affirm his findings, except where modified.   It was admitted at the hearing that the plaintiffs' judgment for some $10,000 against A. A. Sarratt was the oldest against the estate, and that there was only one other junior thereto, for some $260, belonging to Beauregard Goings.   It was also conceded that A. A. Sarratt left a fam- ily of some ten children, of whom six are minors, and that they all reside in Cherokee.   At the hearing before me on 25th August, the witness, F. G. Stacey, asked leave by formal notice to commence an action, making all claimants parties, to settle the right to have the fund in his hand.   I see no warrant in the statute for this demand, and this is a statutory proceeding.   Stacey does not deny the possession, nor does he claim any interest in the property (see sec, 319,

Code). Besides, the administrators are practically parties
to this proceeding. The order was served on them; they
have appeared along with Stacey and have been heard.

The most serious difficulty I have had is this: Ought the
fund in Stacey's hands to be paid by him to the administra-
tors to be administered according to sec. 2048, Rev. Stats.,
1893, or ought the provisions of section 314 of the Code be
complied with and enforced? The administrators once had
this money, for they indorsed the check. The money was
deposited with Stacey, not for the trusts of A. A. Sarratt's
estate, but in trust for S. G. Sarratt and W. J. Sarratt (see
testimony Stacey). This money is liable for the payment
of plaintiffs' judgment. It would be liable if the adminis-
trators had it. But the administrators demand it for admin-
istration, according to the statute—that is, to receive their
commissions and to pay funeral expenses and expenses of
last illness, etc., and then to pay plaintiffs' judgment. Sec-
tion 317 of the Code empowers me to order any property of
the judgment debtor in the hands of either himself or any
other person to be applied to the satisfaction of the judg-
ment. Manifestly I ought not to give force to the provis-
ions of the Code, and ignore the provisions of sec. 2048 of
the Rev. Stats. The plaintiffs are entitled to have the fund
in Stacey's hands applied to their judgment; but let $500 be
reserved thereout to be applied to a homestead for A. A. Sar-
ratt's children, if they established the same before the proper
tribunal; out of the balance, let the fees of the witnesses be
paid, including a fee for the referee of $25 and his disburse-
ments; then let so much be reserved as is necessary for the
payment of the funeral and other expenses of last sickness of
A. A. Sarratt, deceased; then let the defendant adminis-
trators have their lawful commissions for receiving the fund,
but not for paying it out; then plaintiffs' judgment. And to
secure the proper order of execution of this order, let the
fund be paid out forthwith by F. G. Stacey to the clerk of
this Court and let him disburse the same, taking such com-
missions therefor as is allowed by law.

Let a copy of this order be served on F. G. Stacey and S. G. and W. J. Sarratt, and let the original be manifested to them. In the event either party, the plaintiff, Stacey, or the Sarratts, appeals from this order, they may apply before me to have its execution deferred until the judgment of the Supreme Court is had thereon, meantime continuing the injunction heretofore granted.

From this decree plaintiffs appeal on the following grounds:

First. For that his Honor erred in not ordering the entire fund of $5,000 in the hands of F. G. Stacey to be paid directly on the judgment of plaintiffs in whose favor execution had been issued on their judgment against A. A. Sarratt in the sum of $11,201.24, and tested in the lifetime of the said judgment debtor.

Second. For that his Honor erred in not at least ordering the whole of the fund in the hands of F. G. Stacey to be paid on the judgment of the plaintiffs, less the sum of $500, to be held and applied to a personal exemption in favor of the heirs of A. A. Sarratt, should they establish their claim thereto before the proper tribunal, the plaintiffs being the owners of an execution issued on their judgment recovered against A. A. Sarratt and tested in his lifetime.

Third. For that his Honor erred in not holding as was urged, that where execution had been issued and tested against the judgment debtor, A. A. Sarratt, in his lifetime, his administrators personally cannot be affected, and *scire facias* against them would be both unnecessary and unwarranted.

Fourth. For that his Honor erred in allowing commissions out of the fund to the administrators of A. A. Sarratt.

Fifth. For that his Honor erred in not giving full force and effect to sections 317 and 314 of the Code of Procedure of South Carolina, and in allowing in proceeding supplementary to execution the provisions of section 2048, Revised Statutes of 1893, to in any manner override same.

Sixth. For that his Honor erred in ordering the fees of witnesses and the fee of Arthur L. Gaston, Esq., referee, to be paid out of the fund, and in not requiring the fees of said witnesses and referee to be paid by F. G. Stacey.

*Mr. W. B. deLoach,* for appellant, cites: *Policy of insurance is chose in action:* 51 Ind., 24; 103 Ill., 305; 52 Ga., 458; 11 S. C., 427; 14 S. C., 681. *Execution tested against decedent in his lifetime, may be executed against his goods after death:* 2 Speer L., 308, 315; 1 Speer L., 346. *Fund in hands of Tracey can be reached by supplementary proceedings:* Code, 317; 20 S. C., 491.

*Mr. J. C. Jefferies,* for Stacey, contra.

*Messrs. Wallace & Otts,* for administrators, contra, cite: *Children of debtor are entitled to homestead:* Rev. Stat., 2129; 29 S. C., 175; 37 S. C., 102; 28 S. C., 71; Code, 317. *Personal estate must be administered by administrators:* 9 S. C., 257; 31 S. C., 413; 20 S. C., 349; 21 S. C., 245; 44 S. C., 424. *If fund were in hands of administrators, Court could not take it out:* 6 Rich. Eq., 378; 38 S. C., 41.

When this case was called for trial, a motion was made to dismiss the appeal, served only three days before. After discussion, the Court was divided on the question as to whether four days' notice of such motion was necessary, and it was, therefore, dismissed.

July 3, 1900. The opinion of the Court was delivered by

Mr. Chief Justice McIver. This is an appeal from an order granted by his Honor, Judge Gage, made in a proceeding supplementary to an execution, issued to enforce a judgment obtained by the said James E. deLoach and Elizabeth deLoach against the said A. A. Sarratt, in his lifetime. This execution having been returned *nulla bona* in the lifetime of the judgment debtor, and the judgment creditors, who are the appellants herein, having learned that the estate

of their judgment debtor had become entitled to a large sum of money, the proceeds of a policy issued by the New York Life Insurance Company upon the life of said A. A. Sarratt, which had passed into the hands of the respondent, F. G. Stacey, they applied for and obtained an order from his Honor, Judge Gage, requiring the said Stacey to appear before Arthur L. Gaston, Esq., who was appointed referee for that purpose, and be examined touching the same. Copies of this order were duly served upon the said F. G. Stacey, and also upon the other respondents herein, S. G. Sarratt and W. J. Sarratt, who claimed to be administrators of the deceased judgment debtor, A. A. Sarratt. This examination, together with the testimony of other witnesses, was taken and reported to the Court—all of which is set out in the "Case." Thereupon the order, bearing date 16th of September, 1899, was granted by Judge Gage, from which the judgment creditors alone appeal, asking certain modifications thereof, as set out in their exceptions. For a more full understanding of the questions presented, let this order and the exceptions thereto be embraced by the reporter in his report of the case. Inasmuch as it was agreed at the hearing of this appeal that the question as to the right of homestead set up in behalf of the children of the deceased judgment debtor, whereby the sum of $500 should be reserved out of the fund in question, we pass by the exception raising that question, and will not consider or decide that question, but will confine our attention to the other points in which error is imputed to the Circuit Judge. These points are: 1st. The allowance of the witness fees out of the fund. 2d. The allowance of the fee of the referee and his disbursements. 3d. The allowance of the funeral expenses and other expenses of the last illness of the judgment debtor. 4th. The allowance of commissions to the administrators.

As to the first and second of these points, which may be considered together, inasmuch as they both practically relate to the costs of the proceeding, it seems to us clear that this proceeding was rendered necessary by the illegal and im-

proper action of the administrators, and, therefore, they should be held primarily liable for all the costs and expenses incident to the proceeding. The testimony in the case leaves no doubt upon our minds that these administrators, instead of pursuing the usual and proper course in administering the assets of their intestate's estate, saw fit, for some reason, as to which the Court is not at liberty to speculate, though it would not be difficult to form a conjecture, what was their real motive, voluntarily to place this fund beyond their control; and that this alone rendered this litigation necessary to enable the judgment creditors to obtain their just rights. But if these costs cannot be made out of the administrators personally, then the fees of such witnesses as they may have summoned, as well as the fee and disbursements of the referee, whose services they, doubtless, obtained, should be paid by the judgment creditors, or what is the same thing, practically, should be deducted from the fund before applying the same to their judgment.

As to the third point, we agree with the Circuit Judge. that the funeral expenses and the expenses of the last illness of the judgment debtor should be provided for out of the fund before applying the same to the judgment. Sec. 2048, gives a preference to claims of that character over judgments, where such judgments have no liens upon the fund to be administered—and here it does not appear that these judgment creditors had ever acquired a lien upon the fund in question—and when the Court takes possession of the assets of an intestate, it should, as far as practicable, conform to the law prescribed for the administrator in the administration of such assets. In this way the provisions of sec. 2048 of the Rev. Stat. can be harmonized with the provisions of the Code in reference to proceedings supplemental to an execution.

As to the fourth and last point, however, we cannot agree with the Circuit Judge, as we do not think that the administrators are entitled to any commissions on this fund, either for receiving or paying out the same, for the reason that they

cannot be said to have ever either received or paid out the same. It is true, that the Circuit Judge says in his order that "The administrators once had this money, for they indorsed the check," but this is a mistaken inference from the testimony. This fund was originally represented by a check drawn by the New York Life Insurance Company on the New York Security and Trust Company, payable "to the order of S. G. Sarratt and W. J. Sarratt, administrators," and this check they, by their indorsement thereon, transferred and delivered to F. G. Stacey, trustee, who collected the money and deposited the same in bank—*not* to the credit of the estate of A. A. Sarratt, or to the credit of S. G. Sarratt and W. J. Sarratt, as administrators of said estate—but to his own credit as trustee. For, as the Circuit Judge finds, and his finding is not only supported by the testimony, but has not been excepted to or appealed from: "The money was deposited with Stacey, not for the trusts of A. A. Sarratt's estate, but in trust for S. G. Sarratt and W. J. Sarratt." Now, if these administrators had indorsed this check to Stacey, for collection, with instructions to deposit the proceeds in bank, when collected, to the credit of the estate of A. A. Sarratt, or to their own credit as administrators of that esate, then it might, with some propriety, be claimed that they had, at least, constructively, received the proceeds of the check, and were, therefore, entitled to commissions for receiving the same. But that is not the case here. On the contrary, it is more like the case of an administrator holding a note, payable to his order as such, who by indorsement transfers the same to a third person, who collects the money due on the note, and deposits the same in bank to his own credit; and in such a case it could not, with any sort of propriety, be claimed that such administrator had received the amount of money mentioned in the note. It seems to us, therefore, that the Circuit Judge erred in holding that the administrators were entitled to commissions for receiving the fund in question; and that in this respect also his order must be modified.

The judgment of this Court is, that the order appealed from must be modified as hereinabove indicated, and when so modified that the order be affirmed.